IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JACK R. YOUNGS, JAMES G. CORELL, WILLIAM R. McDAVID, and MARGARET B. McDAVID,<br><br>    Plaintiffs,<br><br>vs.<br><br>JACK BEHNKEN, NANCY BEHNKEN, JOHN BEHNKEN, SANDI BEHNKEN, WILLIAM BEHNKEN, AMERICAN NUTRTITION, INC., a Utah corporation; ROCKY MOUNTAIN MILLING, a Utah limited liability company; SOLAR ENGINEERING LTD., a Utah limited partnership,<br><br>    Defendants/Counterclaim Plaintiffs,<br><br>vs.<br><br>JACK R. YOUNGS, JAMES G. CORELL, WILLIAM R. McDAVID, MARGARET B. McDAVID, and BOWLES RICE McDAVID GRAFF & LOVE, a West Virginia law firm.<br><br>    Counterclaim Defendants. | ORDER GRANTING PRE-JUDGMENT AND POST-JUDGMENT INTEREST ON AWARD, AND DENYING ATTORNEYS' FEES<br><br><br>Case No. 1:04-cv-00183 |

This matter is before the court on the Defendants' Objections to Plaintiffs' Proposed Judgment. After reviewing the documents submitted by both parties, the court grants the plaintiffs pre-judgment and post-judgment interest on their award, but declines to grant attorneys' fees.

## BACKGROUND

For purposes of this order, familiarity with the facts, as outlined in this court's earlier Order on Motions to Confirm and Vacate Arbitration Awards, is presumed. The court entered this order on August 9, 2006, correcting a computational error but otherwise confirming the arbitration award in all respects, On August 15, 2006, the plaintiffs served defense counsel with a proposed judgment based on the court's confirmation of the arbitration award, reflecting pre-judgment and post-judgment interest as well as attorneys' fees. On August 21, 2006, the defendants' filed their objections to the plaintiffs' proposed judgment with the court. The court construes this document as a motion requesting the court to deny pre-judgment interest and attorneys' fees to the plaintiffs.

## DISCUSSION

**I. Pre-Judgment Interest**

The court grants the plaintiffs pre-judgment interest, as the plaintiffs' losses were fixed and mathematically calculable as of the date of the arbitration award. In diversity cases, state law governs prejudgment interest issues.[1]  Under Utah law, courts grant prejudgment interest where

---

[1] *See, e.g.*, *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 689 (10th Cir. 1989).

"the damage is complete, the loss can be measured by facts and figures, and the amount of loss is fixed as of a particular time."[2]  The damages must be "calculable through a mathematically certain procedure."[3]  Only if damages "cannot be calculated with mathematical accuracy, such as in the case of personal injury, wrongful death, defamation of character, false imprisonment, etc.," is prejudgment interest not proper.[4]  Grants of prejudgment interest are meant "to compensate a party for the depreciating value of the amount owed over time and, as a corollary, [to] deter[] parties from intentionally withholding an amount that is liquidated and owing."[5]  Arbitration debts are appropriate for grants of post-award, pre-judgment interest.[6]

In this case, the arbitration award of December 30, 2005, fixed both the value of the plaintiffs' shares and the date by which the award was to be paid.  The defendants argue the court's correction of the arbitrator's computational error "demonstrates that there was no clear or fixed amount due and owing as of the date of the arbitration award."[7]  This argument misconstrues the nature of the court's order.  The court's modification only changed the arbitration award to reflect the actual value of the shares owned by the plaintiffs—it had no effect

---

[2] *Andreason v. Aetna Cas. & Sur. Co.*, 848 P.2d 171, 177 (Utah Ct. App. 1993).

[3] *Id.*

[4] *Bjork v. April Indus., Inc.*, 560 P.2d 315, 317 (Utah 1977).

[5] *Trail Mountain Coal Co. v. Utah Div. of State Lands & Forestry*, 921 P.2d 1365, 1370 (Utah 1996).

[6] *See, e.g.*, *Indus. Risk Ins. v M.A.N. Gutehoffnungshutte GmbH*, 141 F.2d 1434, 1446–47 (11th Cir. 1998); *Fort Hill Builders, Inc. v. Nat'l Grange Mut. Ins.*, 886 F.2d 11, 14–15 (1st Cir. 1989).

[7] Defendants' Objections to Plaintiffs' Proposed Judgment, Docket No. 95, at 3 (Aug. 21, 2006).

on the certainty of the plaintiffs' award or the ability of the award to be calculated "through a mathematically certain procedure."[8]  The value of the plaintiff's shares was fixed as of the date of the arbitration award, and the court confirmed the arbitrator's valuation.  Further, the parties did not dispute the percentage of shares owned by the plaintiffs.  Because these figures were known as of the date of the arbitration award, the amount owed could have been calculated with precise mathematical accuracy had either party chosen to do so.  Accordingly, the arbitration award constitutes an amount sufficiently complete, measurable, and fixed, to be subject to pre-judgment interest under Utah law.

The court finds the plaintiffs are entitled to pre-judgment interest at the rate of 10% per annum, as provided for in Utah Code Ann. § 15-1-1.  The arbitration award was to be paid to the plaintiffs thirty days after December 30, 2006, the date of the award.  The court, therefore, grants the plaintiffs prejudgment interest from January 29, 2006, on the judgment amount, $6,748,476.57.

**II. Post-Judgment Interest**

The defendants do not dispute the plaintiffs' entitlement to post-judgment interest, and neither party disputes the manner in which this interest should be determined.  Courts with diversity jurisdiction apply the post-judgment interest rate set forth in 28 U.S.C. § 1961.[9]  The plaintiffs, therefore, are entitled to the statutory rate of post-judgment interest set forth in § 1961.

---

[8] *Andreason*, 848 P.2d at 177.

[9] *See Everaard v. Hartford Accident & Indem. Co.*, 842 F.2d 1186, 1193–94 (10th Cir. 1988).

### III. Attorneys' Fees

The court declines to grant attorneys' fees and costs to the plaintiffs. The court did not address the issue of attorneys' fees in its Order on Motions to Confirm and Vacate Arbitration Awards, and the plaintiffs have not separately moved this court to do so. Utah Code Ann. § 78-31a-126(3) provides the court "may" award attorneys' fees and costs in matters such as this. However, according to local rules, motions for attorneys' fees

> must be filed and served within thirty (30) days after (i) entry of a judgment or (ii) an appeals court remand that modifies or imposes a fee award. . . . The motion must (i) state the basis for the award; (ii) specify the amount claimed; and, (iii) be accompanied by an affidavit of counsel setting forth the scope of the effort, the number of hours expended, the hourly rates claimed, and any other pertinent supporting information that justifies the award.[10]

The plaintiffs have filed no such motion. Even if the court considered the Plaintiffs' Response to Defendants' Objections to Proposed Judgment to constitute a motion for attorneys' fees and costs, the motion wholly fails to comply with the requirements of this rule. Even after the defendants pointed out the plaintiffs' request failed to comply with local rules,[11] the plaintiffs made no substantive response or attempt to comply. The plaintiffs also requested attorneys' fees in their Motion to Confirm Arbitration Award, but the plaintiffs failed to set out the grounds supporting a grant of attorneys' fees in that motion. The court, therefore, declines to grant attorneys' fees and costs to the plaintiffs.

### CONCLUSION

The court GRANTS the plaintiffs pre-judgment interest on the award amount

---

[10] DUCivR 54-2(f).

[11] *See* Defendants' Objections to Plaintiffs' Proposed Judgment, Docket No. 95, at 3 (Aug. 21, 2006).

($6.748.476.57) from January 29, 2006, at a rate of ten percent per annum. Additionally, the court GRANTS the plaintiffs post-judgment interest on the award amount at the statutory rate set forth in 28 U.S.C. § 1961. However, the court DECLINES to grant attorneys' fees and costs to the plaintiffs.

DATED this 14th day of September, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge