IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACK R. YOUNGS, JAMES G. CORRELL, WILLIAM R. McDAVID, and MARGARET B. McDAVID,<br><br>    Plaintiffs,<br><br>vs.<br><br>JACK BEHNKEN, NANCY BEHNKEN, JOHN BEHNKEN, SANDI BEHNKEN, WILLIAM BEHNKEN, AMERICAN NUTRITION, INC., BEHNKEN PROPERTIES, INC., ROCKY MOUNTAIN MILLING COMPANY, and SOLAR ENGINEERING, LTD.,<br><br>    Defendants. | ORDER DENYING ATTORNEYS' FEES<br><br><br><br><br>Case No. 1:04-cv-00183 PGC |

At issue in this order is the plaintiffs' motion for attorneys' fees.  The court DENIES this motion, finding a grant attorneys' fees to be unwarranted in this case.

**BACKGROUND**

This case involves a complicated procedural history.  For purposes of this order, familiarity with the facts, as outlined in the court's earlier Order on Motions to Confirm and

Vacate Arbitration Awards,[1] is presumed.  The court entered this order on August 9, 2006, correcting an error in ownership-interest percentage, but otherwise confirming the arbitration award in all respects.  On September 14, 2006, the court issued an order grating pre-judgment and post-judgment interest on the award.[2]  The court entered judgment on October 5, 2006.[3]  On October 10, 2006, the court entered an amended judgment to correct a duplication of interest in its initial judgment.[4]  On October 24, 2006, the court granted the defendants' motion to stay this judgment pending appeal,[5] after first denying a motion to stay judgment due to a proposal with insufficient security.[6]  In its order of September 14, 2006, the court addressed the propriety of granting attorneys' fees to the plaintiffs, in an abbreviated fashion.  The issue was not fully addressed in this September order, as it had not been fully briefed by the parties — although the plaintiffs had requested attorneys' fees in their Motion to Confirm Arbitration Award and in the proposed judgment they submitted to the defendants, they had not filed a motion for attorneys' fees consistent with local rules at that time.[7]  Now, the court considers the issue fully briefed.

---

[1] *See* Docket No. 94.

[2] *See* Docket No. 115.

[3] *See* Docket No. 121.

[4] *See* Docket No. 122.

[5] *See* Docket No. 149.

[6] *See* Docket No. 135.

[7] *See* D.U. Civ. R. 54–2(f).

## DISCUSSION

Utah law allows for a grant of attorneys' fees to the party prevailing in a challenge to an arbitration award. The statute provides:

> On application of a prevailing party to a contested judicial proceeding under Section 78-31-a-123, 78-31a-124, or 78-31a-125, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.[8]

A grant or denial of such fees under this section is at the discretion of the trial court.[9]

The plaintiffs argue the court should grant attorneys' fees because they qualify as the "prevailing party." The plaintiffs base this argument on the fact that the court affirmed the arbitration award in large part and rejected the defendants' grounds for vacating it. But the fact remains that the arbitration award included an error — an error that would have remained but for the defendants' challenge to the award. Ultimately, the court did modify the award, and the modification — a correction of the ownership interest from 12.75 to 11.45 percent — resulted in a change favorable to the defendants. So while the plaintiffs successfully defended the award as it pertained to themselves, the defendants prevailed insofar as the award was modified to reflect the correct ownership interest percentage. In this case, therefore, the plaintiffs are not entitled to attorneys' fees in defending against the defendants' challenge to the arbitration award.

---

[8] Utah Code Ann. § 78-31a-126(3).

[9] *See Paul deGroot Bldg. Servs., L.L.C. v. Gallacher*, 2005 UT 20, ¶ 18, 112 P.3d 490, 493.

## CONCLUSION

The court declines to grant attorneys' fees and costs to the plaintiffs, finding such an award to be unwarranted. Therefore, the plaintiffs' motion [#136] is DENIED.

DATED this 27 day of November, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge